IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KANEKA CORPORATION,<br>A Japanese Corporation.<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>DESIGNS FOR HEALTH, INC.,<br>A Delaware Corporation, and AMERICAN RIVER NUTRITION LLC, A Delaware Limited Liability Company<br><br>Defendants/Counterclaim Plaintiffs. | DEMAND FOR JURY TRIAL<br><br>C.A. No. 21-209-RGA |

## SCHEDULING ORDER

This <u>3</u> day of May, 2021, the Court having waived a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.1(b), and the parties having determined after discussions that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(l) Initial Disclosures**. The parties shall exchange the information required by Fed. R. Civ. P. 26(a)(1) by **May 26, 2021**. The parties shall supplement disclosures and responses under Rule 26(e)(1) by **April 22, 2022**.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **August 30, 2021**.

1

**3. Discovery**.

a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **May 5, 2022**.

b. Document Production. Document production by the parties shall be completed by **February 4, 2022**.

c. Requests for Admission. A maximum of 50 requests for admission are permitted for each side. This limit shall not include requests for admission directed to authenticity of documents.

d. Interrogatories. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

e. Depositions.

i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination, except in those instances in which the witness is testifying in a foreign language. In such instances, the parties agree that non-English depositions shall be allowed twice as much time as depositions taken in English due to the additional time required for translation of questions and answers through the use of interpreters and check interpreters. For non-English depositions, only one-half of the hours used will count towards the 70 hour total. A party may take more than one 30(b)(6) deposition. All depositions are subject to the presumptive seven-hour limit unless otherwise agreed to by the parties, non-English depositions described above or ordered by the Court

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily

9846245.1

be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Due to the Coronavirus restrictions, some depositions may be taken remotely by agreement of the party. The parties agree to negotiate a remote deposition protocol if appropriate in view of the COVID-19 pandemic at the times that depositions take place. In the absence of agreement among the parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document productions as set forth above.

    f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understandwhat it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

    If a discovery-related motion is filed without leave of the Court, it will be denied

9846245.1

without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        g.     <u>Miscellaneous Discovery Matters - Patent</u>.

            i.     <u>Initial Patent Disclosures</u>.  Plaintiff shall specifically identify for Defendants the accused products and the asserted patents allegedly infringed and produce the file history for each asserted patent pursuant to ¶ 4(a) of the Delaware Default Standard for Discovery by **June 7, 2021**.

            ii.     <u>Technical Document Production</u>.  Defendants shall produce to Plaintiff the core technical documents related to the accused product(s), including a detailed description each step in the production process for the accused products, each component used in the production process and the amount of each component present in the final product pursuant to ¶ 4(b) of the Delaware Default Standard for Discovery by **July 7, 2021**;

            iii.     <u>Claim Chart</u>.  Plaintiff shall produce to Defendants an initial claim chart relating each accused product to the asserted claims, including how each product allegedly infringes pursuant to ¶ 4(c) of the Delaware Default Standard for Discovery by **August 9, 2021**.

            iv.     <u>Invalidity Contentions</u>.  Defendants shall produce to Plaintiff initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents) pursuant to ¶ 4(d) of the Delaware Default Standard for Discovery by **September 9, 2021**.

            v.     <u>Other Proceedings</u>.  Other than the above-captioned action, there is no other pending case (including IPRs) involving the asserted patents. Kaneka Corporation does not expect to institute any further litigation in this or other Districts within the next year. Plaintiff asserted the same patents in this District in Kaneka Corporation v. Glanbia

Nutritionals Inc. and Anthem Biosciences, CA No. 20-232-RGA.  Designs For Health and American River Nutrition do not currently expect to file an IPR against the asserted patents.

      vi. **Settlement Agreements**.  The asserted patents have not been licensed but were the subject of a Settlement Agreement in CA No. 20-232 RGA.  A copy of the Settlement Agreement will be provided to Defendants.  All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

  **4.** **Application to Court for Protective Order**.  Counsel should confer and attempt to reach an agreement on a proposed form of protective order and submit the order to the Court by **June 4, 2021**.  Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose anotherparty's information designated as confidential pursuant tothis order shall promptly notify that party of the motionso that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

  **5.** **Papers Filed Under Seal**. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

  **6.** **Courtesy Copies**. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

  **7.** **Claim Construction Issue Identification**.  On or before **October 15, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.

On or before **November 15, 2021** the parties shall exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. On or before **November 22, 2021**, the parties shall exchange intrinsic and extrinsic evidence, including expert declarations, in support of their respective proposed claim constructions. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **December 13, 2021**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. **<u>Claim Construction Briefing</u>**.[1] Plaintiff shall serve, but not file, its opening brief not to exceed 5,000 words, by **January 10, 2022**. Defendants shall serve, but not file, its answering brief, not to exceed 7,500 words, by **January 31, 2022**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, by **February 14, 2022**. Defendants shall serve, but not file its sur-reply brief, not to exceed 2,500 words, by **February 28, 2022**. The parties shall file a Joint Claim Construction Brief by **March 8, 2022**. The parties shall copy and paste

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, it may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

9846245.1

their unfiled briefs into one brief with their positions on each claim term in sequential order in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

    A.    [TERM 1][2]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

    B.    [TERM 2]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix. The parties shall meet and confer to reduce the number of asserted patent claims and the number of asserted prior art references used for anticipation and obviousness combinations by **March 31, 2022**.

    9.    **Hearing on Claim Construction**. Beginning at 9:00 a.m. on **April 22, 2022 [or at the Court's convenience]**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no

---

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

  **10.** <u>Disclosure of Expert Discovery</u>.  All expert discovery shall be commenced in time to be completed by **October 5, 2022**.

    a. <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **June 20, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 1, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **August 31, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **September 30, 2022**.

    b. <u>Disclosure of Experts</u>.  The parties shall disclose the identity of any non-rebuttal experts and, for each such expert, the information provided for in Rule 26(a)(2)(B)(iv)-

(v) by **April 15, 2022**. The parties shall disclose the identity of any rebuttal experts and, for each such expert, the information provided for in Rule 26(a)(2)(B)(iv)-(v) by **July 15, 2022**.

        c.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v.Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein (**December 5, 2022**), unless otherwise ordered by the Court.

    11.    <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **December 5, 2022**.

    12.    <u>Summary Judgment Briefing</u>. The parties shall file summary judgment motions by **November 25, 2022**. The Parties shall file answering briefs by **January 20, 2023**. The Parties shall file reply briefs by **February 18, 2023**. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

    13.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    14.    <u>Pretrial Conference</u>. On **April 7, 2023 [or a date at the Court's convenience]**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the time frames set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. **Motions *in Limine*.** Motions *in limine* shall be separately filed, with each motion containing all the arguments described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparentwhat the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

17. **Trial.** This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on **April 17, 2023**, with the subsequent trial days beginning at 9:30 a.m. until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15. **Motions *in Limine*.** Motions *in limine* shall be separately filed, with each motion containing all the arguments described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparentwhat the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

17. **Trial.** This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on **April 17, 2023**, with the subsequent trial days beginning at 9:30 a.m. until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18.     **ADR Process**. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

/s/ Richard G. Andrews
---
The Honorable Richard G. Andrews
United States District Judge