# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KANEKA CORPORATION,** A Japanese Corporation. <br><br> Plaintiff, <br><br> v. <br><br> **DESIGNS FOR HEALTH, INC.,** A Delaware Corporation, and **AMERICAN RIVER NUTRITION LLC**, A Delaware Limited Liability Company, <br><br> Defendants. | C.A. No. 21-209-RGA |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties have stipulated that certain information be treated as confidential;

**WHEREAS**, discovery in this action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of Kaneka Corporation ("Plaintiff"), Designs For Health, Inc. and American River Nutrition LLC (collectively "Defendants") (Plaintiff and Defendants may be referred to as the "Parties"), or non-parties, that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

**WHEREAS**, such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties; and

**WHEREAS**, the parties, through counsel, stipulate that good cause exists for the entry of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) for the purposes of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential

1

information.

Accordingly, it is this _____ day of June 2021, by the United States District Court for this District of Delaware, **ORDERED**:

## PURPOSE AND LIMITATIONS

1.      This Protective Order is intended to protect confidential, proprietary, and/or private information that is likely to be produced or disclosed in this action for which special protection from public disclosure is permitted and desirable.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The Parties further acknowledge, as set forth below in Paragraph 3(g), that this Stipulated Protective Order does not entitle them to file confidential information under seal; D. Del. L.R. 5.1.3 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## CONFIDENTIALITY DESIGNATIONS

2.      Any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Fed. R. Civ. P. 26 through 36 and any other information or thing hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this action which is in good faith considered to contain or constitute any trade secret or other confidential or proprietary research, development, commercial, or financial information ("Protected Information") may be designated "CONFIDENTIAL - ATTORNEYS EYES ONLY" or "CONFIDENTIAL" by the party providing such Information ("the Producing Party"). CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS EYES ONLY Protected Information,

designated as such in accordance with this Stipulated Protective Order, shall be disclosed or made available only to persons permitted by paragraphs 4, 5, 6, 7, or 9 and who have complied with the conditions of the respective paragraph and may be used solely for the purposes set out in paragraph 13 of this Order. CONFIDENTIAL and CONFIDENTIAL - ATTORNEYS' EYES ONLY Protected Information may include, but is not limited to, information concerning non-public confidential research for and production of current or future products, financial information, sensitive strategic, commercial, or planning information, including marketing plans and forecasts, non-public portions of pending or abandoned patent applications, foreign or domestic, and competitively sensitive information, whether embodied in documents, things, or the factual knowledge of persons within the meaning of Fed. R. Civ. P. 26(c)(1)(G). CONFIDENTIAL INFORMATION is all Protected Information that is not designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY."

## **DESIGNATION PROCEDURE**

3.   Protected Information may be designated as subject to this Stipulated Protective Order as follows:

(a)   Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION, by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b)   Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

(c) In the event that a Producing Party elects to produce documents or things for inspection, no confidentiality designation need be made prior to the inspection. For purposes of the inspection, all documents and things shall be considered Protected Information, thereby making them subject to this Stipulated Protective Order. However, the Producing Party shall designate Protected Information in accordance with subparagraphs (a) and (b) above within 30 days of the inspection.

(d) Protected Information, including testimony, disclosed at a deposition may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by indicating on the record at the deposition the specific portion(s) of the testimony that is to be made subject to the provisions of this Stipulated Protective Order. In such a case, the portion of the transcript containing the designated testimony shall be marked with the appropriate legend by the reporter. In all events, a party must designate all Protected Information disclosed at a deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by notifying the other parties and the Court Reporter, in writing, within thirty (30) days of receipt of the transcript of the deposition from the Court Reporter, those portions of the testimony that are to be so designated. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Protected Information from the taking of the deposition until thirty (30) days after receipt of the transcript.

(e) Notwithstanding the foregoing, any employee, agent, advisor, representative, or person affiliated with a party who is not authorized to receive Protected Information under 4, 5, 6, 7, or 9 may attend a deposition at which Protected Information may be

disclosed. Such persons shall be excluded from the deposition room during the period any Protected Information is disclosed or discussed unless the Producing Party otherwise consents to their presence.

(f) In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, those materials and all information contained therein may be designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" by prominently marking the initial page of such paper and the page or pages on which Protected Information appears with the appropriate legend or a marking of like import.

(g) Any pleading, brief, declaration, affidavit, or other public filing containing designated Protected Information shall be filed under seal, pursuant to the requirements of Local Civil Rules 5.1.3 and 5.3 and the Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means; provided, however, that the burden of establishing the criteria for sealing under the Local Civil Rules and Revised Administrative Procedures shall at all times be on the party which designated the Protected Information.

(h) In the event that any Protected Information is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or hearings), the Protected Information shall not lose its status as Protected Information through such use, and the Producing Party, upon prior notification by the opposing party of the intention of the opposing party to use Protected Information of the Producing Party in such pre-trial proceeding, shall take all steps reasonably required to protect the confidentiality of the Protected Information during such use, including, but not limited to, requesting in camera proceedings. In the case of Court transcripts, the party seeking redactions shall file a motion to redact the transcript in accordance

with Court procedure.  The terms of this Stipulated Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Protected Information at trial.

## RESTRICTIONS ON DISCLOSURE

4.     CONFIDENTIAL – ATTORNEYS EYES ONLY Protected Information and any analysis or report containing such information may be made available to and inspected by the Court and its personnel, and any outside counsel of record, including their stenographic, clerical, legal, and paralegal employees or agents whose duties require access to such Protected Information.  The current outside counsel of record are listed below:

      Plaintiff:

      CARTER, LEDYARD & MILBURN LLP
      2 Wall Street
      New York, NY 10005

      BAYARD, P.A.
      600 North King Street, Suite 400
      Wilmington, DE 19801

      Defendants:

      ARNALL GOLDEN GREGORY LLP
      1775 Pennsylvania Avenue NW, Suite 1000
      Washington, DC 20006

      POTTER ANDERSON & CORROON LLP
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE 19801

CONFIDENTIAL – ATTORNEYS EYES ONLY Protected Information and any analysis or report containing such information may also be disclosed to up to three in-house counsel for the parties and the secretary and paralegal assistants of the designated in-house counsel to the extent reasonably necessary.  The designated in-house counsel must not have business decision-making

authority and must be working on or have responsibility for this case.

Plaintiff hereby designates the following in-house counsel:

Mitsuru Kuwahata, General Counsel, and Misty C. Blair, IP Counsel, Head of IP Legal Dept., Kaneka American Holdings Inc. 6250 Underwood Rd. Pasadena Tx. 77507

Defendants hereby designates the following in-house counsel:

Stephen M. Carruthers, General Counsel, Designs For Health

5. CONFIDENTIAL Information and any analysis or report containing such information may be disclosed to (i) those persons to whom CONFIDENTIAL – ATTORNEYS EYES ONLY Protected Information may be disclosed pursuant to paragraph 4 above and (ii) representatives, officers, or employees of the parties necessary to assist outside counsel with this litigation;

6. CONFIDNETIAL and CONFIDENTIAL – ATTORNEYS EYES ONLY Protected Information and any analysis or report containing such information may also be disclosed to (i) outside copying, litigation support and management services, exhibit preparation services who are engaged for this action; (ii) agents to perform computerized legal support and management services, including vendors retained by counsel, for the purpose of encoding, loading into a computer, and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, and trials, pleadings, exhibits marked by any party, briefs, and accompanying affidavits and appendices, documents produced by any party, or attorneys' work product, all of which may contain Protected Information; (iii) and any interpreter or translator, including any typist or transcriber used in connection with providing interpretation or translations services.

(a) As a condition precedent to disclosure of Protected Information to any such person, he or she must: acknowledge receipt and understanding of this Stipulated Protective Order; agree to be bound thereby; agree to use such information solely for this litigation, and not to disclose any Protected Information to any other person, firm, or concern in violation of this Stipulated Protective Order; and agree never to use any Protected Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

(b) Each person specified in this paragraph shall execute a declaration acknowledging the foregoing, in the form annexed hereto at Exhibit A, before receiving any Protected Information.

7. CONFIDNETIAL and CONFIDENTIAL – ATTORNEYS EYES ONLY Protected Information and any analysis or report containing such information may also be disclosed to independent experts and independent consultants (including jury consultants and trial consultants) and their staffs (including members of mock juries) who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party.

(a) As a condition precedent to disclosure of Protected Information to any such person, he or she must: acknowledge receipt and understanding of this Stipulated Protective Order; agree to be bound thereby; agree to use the Protected Information solely for this litigation, and not to disclose any Protected Information to any other person, firm, or concern in violation of this Stipulated Protective Order; and agree never to use any Protected Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

(b) Each person specified in this paragraph shall execute a declaration acknowledging the foregoing, in the form annexed hereto at Exhibit A, before receiving any

Protected Information.

        (c)      For each independent expert who executes a declaration, counsel who retained the independent expert shall forward a copy of the executed declaration, together with a current CV, a list of prior consulting relationships for companies involved in the development, manufacturing, marketing or sale of pharmaceutical or nutraceutical products, and a list of all cases in which the expert testified at trial or by deposition within the last four (4) years, to counsel for the other parties at least ten (10) calendar days prior to the proposed disclosure of Protected Information. If any party objects to the proposed disclosure to the expert within ten (10) calendar days after receipt of the notice of it, the disclosure may not be made without prior written consent by the objecting party or prior approval by the Court. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert. If an agreement cannot be reached, the party desiring to disclose Protected Information to the expert shall make an appropriate motion. The burden shall be on the objecting party to show the Court why the disclosure should not be made. No disclosure of Protected Information shall occur during the pendency of the dispute.

        8.      In the event that counsel for a party deems it necessary to disclose any Protected Information to any person not permitted by paragraphs 4, 5, 6, 7, or 9, said counsel shall notify counsel for the Producing Party in writing of (a) the specific information, documents and/or testimony to be disclosed and (b) the person(s) to whom such disclosure is to be made. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure, and no disclosure shall be made by the requesting party until the issue is resolved by agreement of the parties or by court order. If an agreement cannot be reached, the party desiring to disclose Protected Information shall make an appropriate motion and shall bear the burden of showing that

the proposed disclosure is necessary. Persons being shown Protected Information pursuant to this paragraph (except for current employees of a party to this action) shall be required to sign the Declaration annexed to this Stipulated Protective Order.  A copy of the signed Declaration will be provided to counsel for the Producing Party before the Protected Information is shown to such persons.

9. A witness at a deposition or trial, who is not authorized to receive Protected Information pursuant to paragraphs 4, 5, 6, or 7 may be shown any document that contains or reveals Protected Information only if the designated Protected Information originated from that person or if it appears to have been authored by, received by, or known to the witness, or provided that the Producing Party consents to such disclosure.  In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is currently an officer, director, agent, or employee of the Producing Party.  This Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of or authorized access to Protected Information, so long as such examination is in a manner that does not disclose the details of the Protected Information.

10. Persons being shown Protected Information during a deposition pursuant to paragraph 8 of this Stipulated Protective Order (except for current employees of a party to this action) shall not be allowed to retain copies of the Protected Information although such persons will be permitted to review the Protected Information while reviewing their transcript, provided such persons do not retain any copies after completing their review of the transcript for accuracy.

11. Nothing in this Stipulated Protective Order shall be construed as a limitation on a party's ability to show materials which that party has designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" to whomever the Producing Party may deem

appropriate, nor will it be construed as a limitation on a party's ability to show materials designated by another party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" to that Producing Party, including any present employee thereof.

12. The list of persons to whom Protected Information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the Producing Party and the non-producing party or parties without necessity of modifying this order.

## RESTRICTIONS ON USE

13. Protected Information obtained from a Producing Party pursuant to pretrial discovery in this action may be used and disclosed only for purposes of defending or prosecuting this action for which it is produced. No party or person shall make any other use of any such Protected Information without prior written permission from the Producing Party, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court. Designated Protected Information cannot, for example, be used directly or indirectly by the non-producing party for the purpose of preparing or prosecuting any patent application.

14. Nothing in this Stipulated Protective Order, however, shall restrict the use or disclosure by a party of its Protected Information, including the deposition testimony of its employees or experts.

15. Any person who receives any Protected Information shall maintain such material in accordance with this Stipulated Protective Order and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

## EFFECT OF DISCLOSURE OF PROTECTED INFORMATION

16. If any Protected Information is disclosed to any person other than in a manner

authorized by this Stipulated Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Producing Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address and employer of the person to whom the disclosure was made), shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such Information, and shall make all reasonable efforts to retrieve such Information.

17.     Nothing in this Stipulated Protective Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such Information was or is lawfully obtained by such party other than through discovery of the Producing Party.  Should a dispute arise as to any specific information, the party claiming that such information is or was publicly known or was lawfully obtained other than through discovery of the Producing Party shall have the burden of proving its claim.

18.     Nothing in this Stipulated Protective Order shall be construed as an agreement or admission: (a) that any Protected Information designated as "CONFIDENTIAL" or "CONFIDNETIAL – ATTONREYS EYES ONLY" Protected Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, admissibility, or materiality of any such Protected Information, all objections to which are reserved, including for trial. Further, nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by

privilege or work product protection.

19. A party shall not be obligated to challenge the propriety of "CONFIDENTIAL" or "CONFIDNETIAL – ATTONREYS EYES ONLY" designations at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any point with the designations by the Producing Party of any Protected Information, the parties shall make a good-faith effort to resolve the dispute. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that its designation was appropriate.

20. The disclosure by a Producing Party of Protected Information in responses to discovery requests, documents produced in deposition testimony or otherwise, without the designation required, shall constitute a waiver of any claim of confidentiality, except in the situation where (a) such disclosure resulted from inadvertence or mistake on the part of the Producing Party, (b) such inadvertent or mistaken disclosure has been brought to the attention of the receiving party promptly after discovery of such disclosure, but not later than ten (10) days after such discovery, and (c) within ten (10) days of such discovery, the Producing Party has provided properly marked documents. Upon such notice, and upon receipt of properly marked documents, the receiving party shall return said unmarked documents and things, including those distributed to others, to the extent practicable, and shall not retain copies thereof and thereafter shall treat information contained in said documents and things and any summaries or notes thereof as Protected Information in accord with the new designation.

21. The inadvertent production of Protected Information subject to the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other privilege or immunity will not constitute waiver of, estoppel as to, or otherwise prejudice any claim of such

immunity or privilege. In addition, the fact that Protected Information was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver or estoppel. If a party has inadvertently produced Protected Information subject to a claim of immunity or privilege, upon request of the Producing Party, any documents and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days, after such request is made, as required by Fed. R. Civ. P. 26(b)(5)(B). Moreover, to the extent practical and reasonable, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced information subject to a claim of immunity or privilege shall be destroyed. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the Protected Information and generally describe its nature to the Court in any motion to compel production of the Protected Information. Such a record of the identity and nature of information may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the Protected Information, the receiving party may challenge the Producing Party's claim(s) of immunity or privilege by making a motion to the Court. Nothing in this paragraph shall require a Party to withdraw a pleading, filed with the Court prior to receiving a request for return under this paragraph, that references or includes such information.

22. Nothing in this Stipulated Protective Order shall prevent disclosure beyond the terms of this Stipulated Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

## TERMINATION

23. Within thirty (30) days after the conclusion of this action, including any appeals, all Protected Information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTONREYS

EYES ONLY", including extracts and summaries thereof, and all reproductions thereat shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. If the Protected Information is destroyed, counsel responsible for the destruction shall within ten (10) calendar days of such destruction certify to counsel for the Producing Party that destruction has taken place.  Notwithstanding this paragraph, a party may retain copies of (1) pleadings, briefs, exhibits, and other Court filings that include Protected Information and (2) drafts, notes, communications, memoranda, or other documents containing attorney work product that include Protected Information. Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of Protected Information, such Order(s) shall continue to be binding after the conclusion of this litigation except (i) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (ii) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Order(s).

24.     This Court shall retain jurisdiction over the parties and this Stipulated Protective Order for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Stipulated Protective Order or its terms.  All disputes concerning protected information produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

## **MISCELLANEOUS PROVISIONS**

25.     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential

pursuant to this order shall promptly notify that party of the motion so that the party may have the opportunity to appear and be heard on whether that information should be disclosed.

26. If a third party provides discovery or otherwise provides Protected Information to any party in connection with this action, and if the third party so elects, the provisions of this Stipulated Protective Order shall apply to such discovery or Protected Information as if such discovery or Protected Information were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this protective order as held by the parties to this action.

27. A copy of this Stipulated Protective Order shall be served along with any subpoena served in connection with this action.

28. Nothing in this Stipulated Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information.

29. This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any Protected Information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY", nor the failure to make such designations shall constitute evidence with respect to any issue in this action.

30. Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of Protected Information produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any Protected Information, the attorney shall not

disclose the contents of Protected Information produced by any other party or non-party.

31. Any person receiving Protected Information under the terms of this Stipulated Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Stipulated Protective Order.

32. All notices required by this Stipulated Protective Order shall be served by electronic copy by the close of the business day to the counsel of record.  The date by which a party receiving notice shall respond, or otherwise take action, shall be computed from the close of the business day that the electronic copy was received in the office of counsel.

33. If another court or administrative agency subpoenas or orders production of any Protected Information that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly notify the Producing Party of the pendency of such subpoena or order.

34. Each party reserves the right to apply to the Court to modify the terms of this Stipulated Protective Order in the event that the party believes that it is necessary.  In the event such an application is made, all persons described herein shall be bound by this Stipulated Protective Order until it is modified by the Court.

Agreed to and accepted as to both form and substance:

Dated: June 4, 2021

| | |
|---|---|
| */s/ Ronald P. Golden III* | */s/ Stephanie E. O'Byrne* |
| Stephen B. Brauerman (#4952) | David E. Moore (#3983) |
| Ronald P. Golden (#6254) | Stephanie E. O'Byrne (#4446) |
| BAYARD, P.A. | Alan R. Silverstein (#5066) |
| 600 North King Street, Suite 400 | Joseph D. Farris (#6657) |
| Wilmington, DE 19801 | POTTER ANDERSON & CORROON LLP |
| (302) 655-5000 | Hercules Plaza, 6th Floor |
| sbrauerman@bayardlaw.com | 1313 N. Market Street |
| rgolden@bayardlaw.com | Wilmington, DE 19801 |
| | Telephone: (302) 984-6000 |
| | dmoore@potteranderson.com |
| *Of Counsel:* | sobyrne@potteranderson.com |
| | asilverstein@potteranderson.com |
| William F. Sondericker | jfarris@potteranderson.com |
| Keith D. Nowak | |
| Gerald W. Griffin | *Of Counsel*: |
| Theodore Y. McDonough | |
| CARTER, LEDYARD & MILBURN LLP | Kevin M. Bell |
| 2 Wall Street | Richard J. Oparil |
| New York, NY 10005 | Scott A.M. Chambers, Ph.D. |
| (212) 732-3200 | B. Dell Chism |
| sondericker@clm.com | Caroline Maxwell |
| nowak@clm.com | ARNALL GOLDEN GREGORY LLP |
| griffin@clm.com | 1775 Pennsylvania Avenue NW, Suite 1000 |
| mcdonough@clm.com | Washington, DC 20006 |
| *Counsel for Plaintiff Kaneka Corporation* | Telephone: (202) 677-4030 |
| | |
| | Andrew C. Stevens |
| | ARNALL GOLDEN GREGORY LLP |
| | 171 17th Street NW |
| | Suite 2100 |
| | Atlanta, GA 30363 |
| | Telephone: (404) 873-8500 |
| | *Counsel for Defendants Designs for Health, Inc. and American River Nutrition LLC* |

SO ORDERED AND ENTERED BY THE COURT THIS __7__ OF __June__, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Richard G. Andrews  
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

EXHIBIT A – DISCLOSURE AGREEMENT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KANEKA CORPORATION,** <br> A Japanese Corporation. <br><br> Plaintiff, <br><br> v. <br><br> **DESIGNS FOR HEALTH, INC.,** <br> A Delaware Corporation, and **AMERICAN RIVER NUTRITION LLC, A Delaware Limited Liability Company** <br><br><br> Defendants. | C.A. No. 21-209-RGA <br><br><br><br> DISCLOSURE AGREEMENT |

## **DECLARATION AND AGREEMENT TO BE BOUND**

I, _____ declare and state under penalty of perjury that:

1. My present residential address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I have received and carefully read the Stipulated Protective Order dated June 4, 2021 and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of Protected Information to anyone other than the persons permitted by paragraphs 4, 5, 6, or 7 of the Stipulated Protective Order. I further understand that I am not to disclose to anyone other than the persons permitted by

paragraphs 4, 5, 6, or 7 of the Stipulated Protective Order any words, substances, summaries, abstracts or indices of any Protected Information disclosed to me. I will use the Protected Information solely for purposes relating to the above-captioned litigation. I will never use any Protected Information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so.  I will not use Protected Information for the purpose of preparing or prosecuting any patent application, in any communication with or petition to any regulatory agency nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Stipulated Protective Order.

      5.      At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Protected Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such Protected Information.

      6.      I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____                _____
                                                                              Signature