IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KANEKA CORPORATION,<br>A Japanese Corporation.<br><br>Plaintiff,<br><br>v.<br><br>DESIGNS FOR HEALTH, INC.,<br>A Delaware Corporation, and AMERICAN RIVER NUTRITION LLC, A Delaware Limited Liability Company<br><br><br><br>Defendants. | DEMAND FOR JURY TRIAL<br><br>C.A. No. 21-209-RGA |

**KANEKA CORPORATION'S ANSWER TO DEFENDANTS
DESIGNS FOR HEALTH, INC.'S AND AMERICAN RIVER NUTRITION LLC'S
<u>SECOND AMENDED ANSWER AND COUNTERCLAIMS</u>**

Plaintiff Kaneka Corporation ("Kaneka"), by and through its undersigned counsel, hereby responds to the counterclaims in Defendants[1] Designs for Health, Inc.'s and American River Nutrition LLC's Second Amended Answer and Counterclaims (D.I. 39) to Kaneka's First Amended Complaint (D.I. 15) as follows.

**<u>Parties</u>**

1. Kaneka admits Paragraph 1 of Defendants' counterclaims.

2. Kaneka admits Paragraph 2 of Defendants' counterclaims.

3. Kaneka admits Paragraph 3 of Defendants' counterclaims.

---

[1] The term "Defendants" hereinafter refers collectively to Designs for Health, Inc. and American River Nutrition LLC.

1

**Jurisdiction and Venue**

4. Paragraph 4 of Defendants' counterclaims contains a legal conclusion to which no response is required. To the extent a response is required, Kaneka admits Defendants' counterclaims purport to arise under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and Defendants contend that subject matter jurisdiction over their counterclaims arises pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, but denies there is any factual or legal basis for any of Defendants' counterclaims. Except as expressly admitted, Kaneka denies the allegations in paragraph 4 of Defendants' counterclaim.

5. Paragraph 5 of Defendants' counterclaims contains a legal conclusion to which no response is required. To the extent a response is required, Kaneka admits that this Court has personal jurisdiction over Kaneka for this action only.

6. Paragraph 6 of Defendants' counterclaims contains a legal conclusion to which no response is required. To the extent a response is required, Kaneka admits that venue in this Court is proper for this action only.

7. Paragraph 7 of Defendants' counterclaims contains a legal conclusion to which no response is required. To the extent a response is required, Kaneka admits the same.

8. Paragraph 8 of Defendants' counterclaims contains a legal conclusion to which no response is required. To the extent a response is required, Kaneka admits the same.

**First Count**
**(Declaration of Non-Infringement of the '044 Patent)**

9. Kaneka incorporates by reference the foregoing responses as if fully set forth herein.

10. Kaneka denies the allegations of paragraph 10 of Defendants' counterclaims.

11. Kaneka denies the allegations of paragraph 11 of Defendants' counterclaims.

## Second Count
### (Declaration of Non-Infringement of the '080 Patent)

12. Kaneka incorporates by reference the foregoing responses as if fully set forth herein.

13. Kaneka denies the allegations of paragraph 13 of Defendants' counterclaims.

14. Kaneka incorporates by reference the foregoing responses as if fully set forth herein.

15. Kaneka denies the allegations of paragraph 15 of Defendants' counterclaims.

## Third Count
### (Declaration of Invalidity of the '044 Patent)

16. Kaneka incorporates by reference the foregoing responses as if fully set forth herein.

17. Kaneka denies the allegations of paragraph 17 of Defendants' counterclaims.

18. Kaneka denies the allegations of paragraph 18 of Defendants' counterclaims.

## Fourth Count
### (Declaration of Invalidity of the '080 Patent)

19. Kaneka incorporates by reference the foregoing responses as if fully set forth herein.

20. Kaneka denies the allegations of paragraph 20 of Defendants' counterclaims.

21. Kaneka denies the allegations of paragraph 21 of Defendants' counterclaims.

## Defenses

Defendants' counterclaims fail to state a claim upon which relief can be granted.

Defendants' counterclaims are barred by the doctrines of laches and estoppel.

Defendants' counterclaims are barred by the equitable doctrine of unclean hands.

Kaneka reserves the right to assert additional defenses pending discovery in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Kaneka respectfully requests that this Court enter:

1. An order finding in favor of Kaneka and against Defendants denying any relief sought by Defendants in connection with their counterclaims and dismissing Defendants' counterclaims in their entirety, with prejudice;

2. An order granting Kaneka's requests for a preliminary and permanent injunction;

3. A judgment in favor of Kaneka that Defendants have infringed, either literally and/or under the doctrine of equivalents, directly or indirectly, by inducement, the valid claims of the '044 and '080 patents.

4. That the Court declare the '044 and '080 patents not invalid;

5. A judgment granting Kaneka's demand for damages and attorneys fees;

6. An order assessing all costs against Defendants;

7. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Kaneka its reasonable attorneys fees against Defendants; and

8. Any and all other relief Kaneka is entitled to, as the Court may deem just and proper.

Date:   September 21, 2021

OF COUNSEL
Keith D. Nowak
William F. Sondericker
Gerald W. Griffin
Theodore Y. McDonough
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, New York 10005
212-238-8610

**BAYARD, P.A.**

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff Kaneka Corporation*