IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KANEKA CORPORATION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 21-209-WCB |
| DESIGNS FOR HEALTH, INC., and AMERICAN RIVER NUTRITION LLC, | § § § § | |
| *Defendants.* | § § § | |

**SECOND REVISED SCHEDULING ORDER**

This revised scheduling order modifies paragraphs 14 through 17 of the Scheduling Order, Dkt. No. 19, as amended, Dkt. Nos. 59, 76, 91, 97, 105, 106, 142.

**14. Pretrial Conference.** On June 16, 2023, the court will hold a Rule 16(e) final pretrial conference by telephone with counsel beginning at 9 a.m. Eastern Time. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. Eastern Time on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the court, the parties shall comply with the time frames set forth in Local Rule 16.3(d) for the preparation of the proposed joint pretrial order.

With respect to the list of exhibits required to be filed pursuant to Local Rule 16.3(c)(6), the parties are required to meet and confer well in advance of the date on which the proposed final pretrial order is due, for the purpose of addressing the number of exhibits proposed by each party and the number of objections to those exhibits. The court notes that it is a common practice for parties in patent cases to include in the proposed joint pretrial order a huge number of exhibits and for each party to object to a large percentage of the opposing party's exhibits. That exercise is

1

generally counterproductive as it offers very few benefits and tends to create significant additional work for the parties and for the court, thus increasing the cost of the litigation. Either in their proposals relating to the joint pretrial order or in the meet and confer on the joint pretrial order, each party will include only those exhibits it believes it will actually offer at trial, and each party will also reduce the number of its objections to those it serious intends to press at trial.

In the event that there are more than 25 remaining disputes over the admissibility of the trial exhibits, I will conduct an off-the-record meeting with counsel for both parties on June 22, 2023, at the Howard T. Markey National Courts Building, which is located at 717 Madison Place N.W., Washington, D.C. 20439. Lead trial counsel will be required to attend. Delaware counsel will not be required to attend. No more than a total of two attorneys for each side will be permitted to attend. The purpose of the meeting will be to resolve the admissibility of the remaining disputed exhibits prior to trial so as not to consume either party's trial time with disputes over the admissibility of exhibits. The meeting will continue for as long as it takes to resolve those disputes. I will then enter an order indicating which exhibits have been pre-qualified for admission at trial. I expect both parties to act in good faith in making this process work. If I conclude that either party is uncooperative in submitting a realistic proposed exhibit list, I will impose a limit on the number of exhibits that party may admit at trial.

If there are 25 or fewer remaining disputes over the admissibility of the trial exhibits after the parties meet and confer on the admissibility of the exhibits, I will conduct the meeting on exhibits by telephone. By no later than June 20, 2023, at 5:00 p.m. Eastern Time, the parties should provide the court with a list of the exhibits that remain in dispute, a copy of each of those exhibits (digital versions preferred), and the basis for any objection(s) to each exhibit.

15. **Motions *in Limine*.**  Motions *in limine* shall be filed along with the joint proposed pretrial order.  Each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  Each side will be limited to a total of eight motions *in limine*.

16. **Jury Instructions, Voir Dire, and Verdict Forms.**  Pursuant to Local Rule 47.1(a)(2) and 51.1, the parties shall file (i) proposed voir dire questions, (ii) proposed preliminary jury instructions, (iii) proposed final jury instructions, and (iv) the proposed verdict form no later than 5 p.m. on the fourth business day before the date of the final pretrial conference.  The parties are directed to meet and confer well in advance of the date on which the areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to sowersd@cafc.uscourts.gov.

17. **Trial.**  This matter is scheduled for a five-day jury trial beginning at 9:30 a.m. on July 10, 2023, in Courtroom 6A at the J. Caleb Boggs Federal Courthouse in Wilmington, Delaware.  Subsequent trial days will begin at 9:00 a.m. until the case is submitted to the jury for deliberations.  The jury will be excused each day at 5:00 p.m.  The trial will be timed, as each side will be allocated 11 hours within which to present their cases.  The parties may allocate their time between trial time, opening statements, closing argument, and rebuttal argument as they see fit, except that the rebuttal argument may not exceed the length of the closing argument.  Time will be charged for cross-examination, but not for objections and bench conferences unless the court concludes that a party is objecting excessively and/or requesting bench conferences unnecessarily, in which case the time taken for such events will be charged against the party responsible.

IT IS SO ORDERED.

SIGNED this 22nd day of March, 2023.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

4