# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KANEKA CORPORATION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 21-209-WCB |
| DESIGNS FOR HEALTH, INC., and AMERICAN RIVER NUTRITION LLC, | § § § § | |
| *Defendants*. | § § § | |

## FOURTH REVISED SCHEDULING ORDER

This revised scheduling order modifies paragraphs 14 through 18 of the Scheduling Order, Dkt. No. 19, as amended, Dkt. Nos. 59, 76, 91, 96, 104, 106, 142, 147, 174.

**14. Pretrial Conference.** On November 21, 2023, the court will hold a Rule 16(e) final pretrial conference by telephone with counsel beginning at 12 p.m., Eastern Time. The Final Pretrial Order, Dkt. No. 155, entered on June 16, 2023, will govern the pretrial and trial proceedings except as provided in this order and any subsequent order of the court.

**15. Exhibits.** With respect to the exhibits the parties intend to offer at trial, the following procedures will be followed:

By November 27, 2023, the parties will meet and confer to reduce as much as possible the number of objected-to exhibits.

The court notes that it is a common practice for parties in patent cases to include in the proposed joint pretrial order or subsequently a huge number of exhibits and for each party to object to a large percentage of the opposing party's exhibits. That exercise is counterproductive. It offers very few benefits and creates significant additional work for the parties and the court. In their

1

submission of exhibits to the other side, each party is directed to include only those exhibits it believes it will actually offer at trial, and each party is further directed to limit the number of its objections to those it seriously intends to press at trial.

By November 30, 2023, the parties will provide the court with a list of exhibits and electronic copies of all exhibits that each party still intends to offer at trial and that are still objected-to as of that time. If there are more than 25 remaining disputes over the admissibility of the trial exhibits, I will conduct an off-the-record meeting with counsel for both parties on December 6, 2023, in my chambers in Washington, D.C. Lead trial counsel and one other attorney from each side will be required to attend. Delaware counsel will not be required to attend. The purpose of the meeting will be to resolve the admissibility of the remaining disputed exhibits prior to trial so as not to consume either party's trial time with disputes over the admissibility of exhibits. The meeting will continue for as long as it takes to resolve those disputes. I will then enter an order indicating which exhibits have been pre-qualified for admission at trial. I expect both parties to act in good faith in making this process work. If I conclude that either party is uncooperative in submitting a realistic proposed exhibit list, I will impose a limit on the number of exhibits that party may admit at trial.

If there are 25 or fewer remaining disputes over the admissibility of the trial exhibits after the parties meet and confer on the admissibility of the exhibits, I will conduct the meeting on exhibits by telephone and will enter an order following the telephonic conference indicating which exhibits have been pre-qualified for admission at trial.

16. **Motions *in Limine.*** Any motions *in limine* were required to be filed by November 15, 2023. Because the court has not received any motions *in limine* from either side, no motion *in limine* will be considered.

**17. Trial.**  This matter is scheduled for a five-day bench trial beginning at 8:30 a.m. on December 11, 2023, in Courtroom 203 at the National Courts Building, 717 Madison Place, N.W., Washington, D.C.  Subsequent trial days will begin at 8:30 a.m. until the case is completed.  The trial will be timed, and each side will be allocated 11 hours within which to present its case.  Time will be charged for direct examination and cross-examination, but not for objections and discussions with the court or bench conferences, unless the court concludes that a party is objecting excessively and/or requesting bench conferences unnecessarily, in which case the time taken for such events will be charged against the party responsible.  The parties may elect to save time by submitting their opening statements in written form, consisting of no more than 15 pages of double-spaced text.  The court will not hear closing argument following the trial, but will direct the parties to submit proposed findings of fact and conclusions of law following the conclusion of the trial.  The court anticipates that it will request oral argument on the proposed findings of fact and conclusions of law, which will serve as a substitute for hearing closing argument immediately after the conclusion of the presentation of evidence at the trial.  The time for filing the proposed findings of fact and conclusions of law, as well as the permitted length of those filings will be determined at the conclusion of the trial.

IT IS SO ORDERED.

SIGNED this 17th day of November, 2023.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE