**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KANEKA CORPORATION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 21-209-WCB |
| DESIGNS FOR HEALTH, INC., and | § | |
| AMERICAN RIVER NUTRITION LLC. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ON ADMISSIBILITY OF EXHIBITS

Pursuant to the Third Revised Scheduling Order, Dkt. No. 179, the parties submitted a list of trial exhibits indicating which exhibits' admissibility remained in dispute, Dkt. No. 183.  The parties withdrew several objections[1] and one exhibit[2] during the December 6, 2023, teleconference.  The court ruled on the remaining objections as follows:

1.  Defendants objected to PTX 0033 on the grounds of hearsay and relevance.  Those objections are overruled.  All portions of the email chain except for Tom Aarts's email are admissible pursuant to FRE 801(d)(2)(D).  Mr. Aarts's email is admissible for the limited purpose of showing the nature of his relationship to the defendants.  If, prior to or during the trial, the plaintiff can show that Mr. Aarts was acting as the defendants' agent, his email may be admissible for any purpose under FRE 801(d)(2)(D).

---

[1]  With regard to exhibits as to which the parties maintained only a conditional objection depending on the purpose for which the exhibit is offered for at trial, the court does not include a disposition in this order.

[2]  Plaintiff Kaneka withdrew PTX 0037.

2. Defendants objected to PTX 0051 on the grounds that it constitutes expert testimony by a person who was not designated as an expert pursuant to FRCP 26 and that its admission would violate FRE 701.  Those objections are overruled, subject to possible objection at trial depending on the purpose for which the exhibit is offered.  The court finds PTX 0051 admissible as an expression of intent, and not excludable as expert opinion testimony.

3. Defendants objected to PTX 0052 on hearsay and relevance grounds and on the ground that it constitutes expert testimony by a person who was not designated as an expert pursuant to FRCP 26.  The court does not rule on the hearsay objection, because a ruling on that issue depends on Mr. Aarts's relationship to the defendants.  The objections regarding relevance and expert testimony are overruled, with the understanding that the plaintiff will offer this evidence to show the defendants' intent and not for damages calculations.

4. Defendants objected to PTX 0055 based on the attorney-client privilege.  This objection is sustained because the materials are privileged and there is has been no showing that the privilege was waived.

5. Defendants objected to PTX 0058 on the ground that it constitutes expert testimony by a person who was not designated as an expert pursuant to FRCP 26.  This objection is overruled, subject to possible objection at trial depending on the purpose for which the exhibit is introduced.

6. Defendants objected to PTX 0061 as hearsay.  This objection is overruled, subject to possible objection at trial depending on the purpose for which the exhibit is introduced. The portion attributable to Dr. Barrie Tan is admissible under FRE 801(d)(2)(D), and the portion attributable to Jorgen Dan is not offered for the truth of the matter asserted.

7. Defendants objected to PTX 0116 and 0117 on numerous grounds.  The court did not rule on the admissibility of those exhibits and will defer ruling to determine whether the evidence in those exhibits is properly sponsored at trial.

8. Plaintiffs objected to DTX 5, 6, 7, 8, 46, and 47 as beyond the scope of Dr. Richard F. Taylor's expert report.[3]  Those objections are sustained, as the exhibits were not referenced in Dr. Taylor's report.

During the teleconference, the court also addressed several disputes between the parties regarding the inclusion of certain portions of Dr. Tan's deposition in the deposition excerpts to be played for the jury at trial.  The plaintiff objected to on the grounds that those portions of the deposition included legal conclusions, constituted improper opinion testimony by a lay witness, and violated the attorney-client privilege.  The objections to the portions of Dr. Tan's testimony from page 94, lines 3 to 9, and page 96, line 18, to page 97, line 4, are sustained because they reference the privileged materials in DTX 0055.  The remaining designations are admissible because they are not privileged and do not offer improper opinion testimony or call for a legal conclusion.

IT IS SO ORDERED

SIGNED  this 6th day of December, 2023.


_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE


---

[3]  Plaintiff also objected to DTX 5–8 and 47 as untimely and exhibits 7 and 8 because they are not translated from Japanese.