## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KANEKA CORPORATION, | |
| Plaintiff, | C.A. No. 21-209-WCB |
| v. | |
| DESIGNS FOR HEALTH, INC., and AMERICAN RIVER NUTRITION LLC, | |
| Defendants. | |

## PLAINTIFF KANEKA CORPORATION'S LETTER TO
## THE HONORABLE WILLIAM C. BRYSON

May 28, 2025

OF COUNSEL:

Gerald W. Griffin
Leonardo Trivigno
Meredith B. Spelman
Jodutt M. Basrawi
CARTER LEDYARD & MILBURN LLP
28 Liberty Street
New York, NY 10005
(212) 732-3200

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff Kaneka Corporation*

Dear Judge Bryson,

Plaintiff Kaneka Corporation ("Kaneka") respectfully submits this letter requesting a brief extension of the deadline for expert discovery to allow Kaneka time to depose Defendants' non-infringement expert Dr. Umesh Banaker on July 7, 2025, or any time thereafter and before the trial in this matter on July 21, 2025.

On May 20, 2025, Defendants informed Kaneka that they anticipated Dr. Banaker would be submitting an expert report regarding non-infringement of Defendants' reformulated product on May 30, but that he would only be available to be deposed on June 4, five days later (three business days). Kaneka immediately asked Defendants to make Dr. Banakar available the week of June 9 and prior to the close of expert discovery on June 13. Defendants responded that Dr. Banakar is unavailable that week. (*See, e.g.*, Ex. A.)

Kaneka then asked when Dr. Banakar is available for deposition after June 13. Defendants responded that Dr. Banakar is only available for deposition on June 4. Defendants explained that Dr. Banakar is currently in India but is willing to come to the United States only on June 4 and will be travelling back to India the next day. Defendants further explained that Dr. Banakar will not return to the United States until June 23. *Id.*

Kaneka then asked when Dr. Banakar is available for deposition after June 23. Kaneka stated that if Dr. Banakar is unavailable after June 23 through trial (approximately one month's time), Kaneka would be willing to travel to India to take his deposition any time before June 23. Defendants again responded that Dr. Banakar is only available for deposition on June 4. Defendants explained that Dr. Banakar is unavailable on any other date before trial based on his schedule, the scheduling order, and Defendants' counsel's pre-existing commitments.

On May 27, counsel met and conferred regarding Dr. Banakar's availability. Kaneka explained that it was unreasonable to require Kaneka to depose Dr. Banakar three business days after service of his non-infringement report, especially given that the trial is two months away. Kaneka further explained that the short period of time between service of his expert report and Defendants' proposed deposition date of June 4 is insufficient for Kaneka's counsel and infringement expert, Dr. Allan Myerson, to review Dr. Banakar's expert report and prepare for his deposition. Indeed, Dr. Myerson is submitting an expert report in another matter on June 2 and will be engaged during this very short period. Defendants responded that Dr. Banakar was available on July 7, but that he would not make himself available for deposition on that date given his deposition schedules in other matters before and after July 7.

Kaneka respectfully requests the Court extend the close of expert discovery to July 7, so that Kaneka can depose Dr. Banakar on that day, or any time thereafter and before the trial on July 21. In the alternative, Kaneka requests the Court preclude Dr. Banakar from presenting his non-infringement opinion at trial because Kaneka has not been given a meaningful opportunity to depose him. *See Compagnie Des Bauxites De Guinee v. Three Rivers Ins. Co.*, 2007 U.S. Dist. LEXIS 7313, at *7-8, *17 (W.D. Pa. Feb. 1, 2007) (recognizing that being denied "a meaningful opportunity" to depose an expert creates a "substantial disadvantage" for plaintiff, and ordering

defendants to make their experts available for a deposition or to exclude them from testifying as experts at trial).

Respectfully submitted,

*/s/ Ronald P. Golden III*
Ronald P. Golden III (#6254)

cc: All counsel of record