IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KANEKA CORPORATION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 21-209-WCB |
| DESIGNS FOR HEALTH, INC., and AMERICAN RIVER NUTRITION LLC, | § § § § | |
| *Defendants*. | § § § | |

## MEMORANDUM OPINION AND ORDER

The defendants have sought leave to file a renewed motion for summary judgment. Dkt. No. 349. The defendants' request to file a renewed motion for summary judgment comes two and a half years after the deadline for summary judgment motions and approximately seven weeks before the scheduled bench trial in the second phase of this case.

The original scheduling order set November 25, 2022, as the deadline for motions for summary judgment. *See* Dkt. No. 19 at 9. Several extensions were granted to move the deadline to December 28, 2022, on which date the defendants filed their motion for summary judgment. *See* Dkt. Nos. 97, 105, 106, 107. Among other claims, the defendants argued that the court should grant summary judgment on Kaneka's lost profits claim. *See* Dkt. No. 112 at 29. Summary judgment was denied on the claim. I ruled that "Kaneka may be entitled to lost profits if it can establish that KNA's profits flowed inexorably to Kaneka," Dkt. No. 141 at 25, and that the declaration of Ronald Martin, a Senior Business Director at Kaneka Nutrients, "creates a genuine dispute of material fact regarding whether the profits from Kaneka's subsidiaries flow inexorably to Kaneka," *id*. at 28.

1

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The defendants argue that good cause exists to modify the schedule for summary judgment motions "because newly produced evidence reveals that facts the Court relied on to deny Defendants' motion for summary judgment of no lost profits were inaccurate." Dkt. No. 349 at 1. Citing the May 2, 2025, deposition testimony of Mr. Martin, the defendants assert that "it is now undisputed that Kaneka received no dividend from its subsidiaries for fiscal years 2022 and 2023," and therefore that "Kaneka's request for lost profits damages fails as a matter of law." *Id*. at 2. The defendants further assert that "the most efficient use of the Court's and the parties' resources would be to resolve (and dismiss) Kaneka's claim for lost profits damages prior to trial." *Id*.

Kaneka responds that "[t]here is nothing inaccurate about the facts relied on by the Court to deny Defendants' first motion," Dkt. No. 357 at 2, and that the defendants' theory with respect to the "inexorable flow" issue "ignores the fact that losses by [Kaneka North America] or its other subsidiaries, are negative profits that reduce the amount of the dividend payment," without bearing on "whether profits flow inexorably," *id*. at 3. Kaneka further asserts that the defendants have not acted diligently and that "if Defendants truly believed a second motion was warranted based on the additional details of Kaneka's dividend policy, they should have sought leave over a year ago when these details were provided to them." *Id*. at 3 (emphasis removed). According to Kaneka, "[i]t makes no sense to burden the Court and the parties with needless motions when the evidence and the issues will be presented to the Court as the ultimate fact-finder next month." *Id*.

In their reply, the defendants take issue with Kaneka's assertion that they did not act diligently in submitting their request to file a new summary judgment motion. Dkt. No. 358 at 1. The defendants point out that they deposed Mr. Martin on May 2, 2025, confirmed that Kaneka

2

was still pursuing lost profits damages on May 16, 2025, and then sought leave to renew their motion for summary judgment on May 29, 2025. *See id*.

The defendants have not shown good cause to modify the scheduling order by allowing a second and partial summary judgment motion on the eve of a bench trial. As an initial matter, "[s]uccessive motions for summary judgment promote piecemeal adjudication and erode judicial economy," and "a second motion for summary judgment is not permitted as of right," let alone a late-filed motion. *Mckenzie-Wharton v. United Airlines, Inc.*, No. 8:15-cv-114, 2016 WL 5346948, at * 7 (M.D. Fla. Sept. 23, 2016); *see also Wootten v. Commonwealth of Virginia*, No. 6:14-cv-13, 2016 WL 4742336, at *3 (W.D. Va. Sept. 12, 2016) ("[R]epetitive [summary judgment] motion practice undermines both the Court's and the parties' interests in efficiency and finality."); *Amazon.com, Inc. v. WDC Holdings LLC*, No. 1:20-cv-484, 2023 WL 8641164, at *2 (E.D. Va. June 27, 2023) ("To overcome [the] presumption against piecemeal resolution of litigation through multiple summary judgment motions, this Court requires a showing that outweighs the interest in preserving judicial resources.") (cleaned up).

Even assuming that the defendants have acted diligently in seeking leave to renew their motion for summary judgment, I do not agree that "the most efficient use of the Court's and the parties' resources would be to resolve (and dismiss) Kaneka's claim for lost profit damages prior to trial." Dkt. No. 349 at 2. The interest of judicial efficiency can carry a different meaning in a case proceeding to a bench trial, where the judge is the trier of fact. *See Salamone v. Upstream Inv. Partners, LLC*, No. 16 C 9489, 2018 WL 439213, at *4 (N.D. Ill. Jan. 16, 2018) ("As a final observation, the Court notes that it allowed Defendant to file a late summary judgment motion in the interests of efficiency. Had the Court known that the parties were going to elect to proceed without a jury, it would have denied leave to file the summary judgment motion and simply moved

3

ahead with the bench trial."); *Int'l Brotherhood of Elec. Workers, Local Union No. 231*, No. C 10-4096, 2013 WL 5936656, at *2 (N.D. Iowa, Nov. 6, 2013) ("This case presents an example of the circumstances in which motions for summary judgment in matters set for a bench trial can be needlessly expensive and time-consuming for the parties and the court."). Given that less than six weeks now remain until the second bench trial and that the defendants' proposed motion would not obviate the need for a trial in any event, I find that the interest of judicial efficiency weighs in favor of addressing Kaneka's claim for lost profit damages at trial, along with the rest of the issues to be tried.

The defendants' citation of the oral order that I entered in *Heron Therapeutics, Inc. v. Fresenius Kabi USA, LLC*, No. 1:22-cv-985 (D. Del. Apr. 9, 2024), ignores the entirely different context in which the plaintiff there sought leave to file a motion for summary judgment. *See* Dkt. No. 349 at 2. In *Heron Therapeutics*, the scheduling order required "any party [that] believes that filing a summary judgment motion might obviate the need for a trial" to first request leave to seek summary judgment and to do so "within 14 days of the close of expert discovery." *Heron Therapeutics*, Dkt. No. 21 at 6. In compliance with that scheduling order, the plaintiff requested leave to seek summary judgment within 14 days of the close of expert discovery, and I granted leave to do so. *See Heron Therapeutics*, Dkt. Nos. 107, 115. There is nothing in the oral order granting that leave that provides support for the defendants' position that there is good cause to modify the scheduling order in this case. The defendants have quoted out of context the court's statement that the plaintiff in *Heron Therapeutics* had "represented that a motion for summary judgment is likely to reduce the number of issues for trial." *Heron Therapeutics*, Dkt. No. 115.

Accordingly, the defendants' request to file a renewed motion for summary judgment is denied.

IT IS SO ORDERED.

SIGNED this 10th day of June, 2025.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE